IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES McNEIL and MARY McNEIL,  )
his wife;  )
            Plaintiffs,  )  Civil Action No. 05-288
  )  Judge David S. Cercone/
      vs.  )  Magistrate Judge Sensenich
  )  Re:  Doc. No. 18
BAHAMASAIR HOLDINGS LIMITED,  )
INC.  )
          Defendant.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is recommended that Defendant's Motion to Dismiss
Plaintiffs' Complaint be denied.  It is further recommended that
Defendant's Alternative Motion to Transfer Venue Pursuant to
28 U.S.C. § 1406 be granted, and that this action be transferred
to the United States District Court for the Southern District of
Florida.  If Plaintiffs object to a transfer of venue,
Defendant's motion to transfer should be denied and its motion to
dismiss should be granted.

II.  REPORT

Plaintiffs, James and Mary McNeil (the "McNeils"),
filed the instant action, alleging causes of action for
negligence and loss of consortium against Defendant, Bahamasair
Holdings Limited, Inc. ("Bahamasair").  Husband Plaintiff's
injuries occurred when employees of Defendant dropped him on his
amputated leg while attempting to assist him to his seat after he

boarded Defendant's airplane.  Plantiffs' Complaint alleges
jurisdiction based on diversity, 28 U.S.C. § 1332(a)(1).  As an
initial matter, Bahamasair points out that Plaintiffs' claims
are governed by Article 28(1) of the Convention for the
Unification of Certain Rules to International Transportation by
Air, more commonly known as the Warsaw Convention.  (Def.'s Mot.
to Dismiss (Doc. No. 17) ¶ 7.)  In addition, Bahamasair moves for
dismissal of the Complaint on the ground that Plaintiffs have
failed to allege any facts that would permit this Court to
exercise personal jurisdiction over Bahamasair.[1]  Alternatively,
Bahamasair asks this Court to transfer the instant case, pursuant
to 28 U.S.C. § 1406(a), to the United States District Court for
the Southern District of Florida.  For the reasons that follow,
Defendant's challenge to Plaintiffs' personal jurisdiction over
it in the United States District Court for the Western District
of Pennsylvania is meritorious, but as an alternative to granting
Defendant's motion to dismiss, this action should be transferred,
pursuant to 28 U.S.C. § 1406, to the United States District Court
for the Southern District of Florida, a district in which the
action could have been brought.

_____

[1]See Rule 12(b)(2) of the Federal Rules of Civil
Procedure, which provides that the defense of lack of
jurisdiction over the person may, at the option of the pleader,
be made by motion.

A.  The Allegations of the Complaint

        Plaintiffs reside in Elizabeth, Pennsylvania.  (Compl.
¶¶ 1-2.)  Bahamasair, a Florida Corporation,[2] is a common carrier
of passengers for hire.  (*Id.* ¶¶ 3-4.)  On March 6, 2003, at
Miami, Florida, Plaintiffs boarded Bahamasair flight 202 to
Nassau, after having made advance reservations and purchasing
tickets.  (*Id.* ¶¶ 6-7.)  Bahamasair employees, while attempting
to assist Plaintiff James McNeil to his seat by lifting him under
each arm, dropped him on his amputated leg, causing injuries to
the stump of his amputated left leg, his right shoulder, his
right leg, his right fifth toe, various other parts of his body,
and his nervous system, as well as causing loss of circulation
that directly contributed to the subsequent amputation of his
right leg.  (*Id.* ¶¶ 14 & 20.)  As a result of Defendant's
negligence Plaintiff, Mary McNeil, has been deprived of the
society, companionship, contributions and consortium of her
husband and has suffered a disruption of her daily habits and
pursuits and loss of enjoyment of life.  (*Id.* ¶¶ 25-26.)

B.  The Warsaw Convention

        As Defendant points out, Plaintiffs' claims
are governed by the Convention for the Unification of Certain

---

        [2]In its motion to dismiss, Bahamasair alleges that it
is "a Foreign corporation, with its principal place of business
in Nassau, Bahamas and registered to do business in the State of
Florida."  See *infra* at 18-19 and n.11.

Rules to International Transportation by Air, more commonly known
as the Warsaw Convention.  (See 49 U.S.C. § 40105, Historical and
Statutory Notes, Treaties and Conventions, Warsaw Convention
(West 1997).)  The Warsaw Convention provides that an air carrier
is liable for damages for personal injury suffered by a passenger
where the accident that caused the injuries occurred on board
the aircraft "or in the course of any of the operations of
embarking or disembarking."  *Id.* ART. 17.  The Supreme Court of
the United States has held that "the Warsaw Convention precludes
a passenger from maintaining an action for personal injury
damages under local law when her claim does not satisfy the
conditions for liability under the Convention."  *El Al Israel
Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999).

> Article 28 of the Warsaw Convention provides:
>
>> (1) An action for damages must be
>> brought, at the option of the plaintiff, in
>> the territory of one of the High Contracting
>> Parties, either before the court of the
>> domicile of the carrier or of his principal
>> place of business, or where he has a place of
>> business through which the contract has been
>> made, or before the court at the place of
>> destination.
>>
>> (2) Questions of procedure shall be
>> governed by the law of the court to which the
>> case is submitted.

*Id.*  The provisions of Article 28 have been construed as
establishing those nations in which an action governed by the
Convention can be brought.  *See, Pitman v. Pan American World*

*Airways, Inc.,* 223 F. Supp. 887, 889 (E.D. Pa. 1963).  Under
Article 28 of the Warsaw Convention Plaintiffs may bring the
instant action in the United States because they allege that
after having made advance reservations and purchasing tickets,
they boarded Bahamasair flight 202 to Nassau in Miami, Florida
(Compl. ¶¶ 6-7), establishing Miami, Florida as a place where
Defendant has a place of business through which the contract was
made.

  Once an appropriate nation under the Warsaw Convention
is determined, it is the domestic law of that nation which
governs whether a particular court within that nation has
jurisdiction to hear the action.  *Butz v. British Airways t/a
BOAC*, 421 F.Supp. 127 (E.D. Pa. 1976) (citing *Smith v. Canadian
Pacific Airways, Ltd.,* 452 F.2d 798 (2d Cir. 1971)).

C. <u>Rule 12(b)(2) Motion to Dismiss for Lack of Personal
   Jurisdiction</u>

  Rule 4(e) of the Federal Rules of Civil Procedure
"'authorizes personal jurisdiction over non-resident defendants
to the extent permissible under the law of the state where the
district court sits.'"  *Pennzoil Products Co. v. Colelli &
Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998) (quoting *Mellon
Bank (East) PSFS, National Assoc. v. Farino,* 960 F.2d 1217, 1221
(3d Cir. 1992)).  The courts of Pennsylvania may exercise general
personal jurisdiction over a corporation which "carr[ies] on [] a
continuous and systematic part of its general business within

this Commonwealth." 42 Pa.C.S.A. § 5301(a)(2)(iii) (West 2004).
Furthermore, Pennsylvania's long-arm statute provides that this
Court may exercise jurisdiction "to the fullest extent allowed
under the Constitution of the United States and may be based on
the most minimum contact with this Commonwealth allowed under the
Constitution of the United States." 42 Pa. C.S.A. § 5322(b)
(West 2004). Thus, this statute's reach is "co-extensive with
the [D]ue [P]rocess [C]lause" of the Fourteenth Amendment to the
United States Constitution. *Time Share Vacation Club v. Atlantic
Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984). Under the Due
Process Clause, a court may exercise personal jurisdiction over a
non-resident defendant only if "the defendant purposefully
established 'minimum contacts' in the forum State." *Burger King
Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting
*International Shoe Co. v. State of Washington*, 326 U.S. 310, 316
(1945)).

In deciding a motion to dismiss for lack of personal
jurisdiction, the allegations in the complaint must be accepted
as true. *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302
(3d Cir. 1996). However,

> [w]hen a defendant raises the defense of the
> court's lack of personal jurisdiction, the
> burden falls upon the plaintiff to come
> forward with sufficient facts to establish
> that jurisdiction is proper. The plaintiff
> meets this burden and presents a prima facie
> case for the exercise of personal
> jurisdiction by "establishing with reasonable

6

particularity sufficient contacts between the
defendant and the forum state."

*Mellon Bank (East) PSFS, National Assoc. v. Farino,* 960 F.2d
1217, 1223 (3d Cir. 1992) (quoting *Provident Nat. Bank v.
California Fed. Sav. & Loan Assoc.,* 819 F.2d 434 (3d Cir. 1987)
(internal citation omitted)).  The plaintiff must show that
jurisdiction is proper through "'sworn affidavits or other
competent evidence.'"  *North Penn Gas Co. v. Corning Natural
Gas Co.*, 897 F.2d 687, 689 (3d Cir. 1990) (quoting *Stranahan
Gear Co. v. NL Industries, Inc.*, 800 F.2d 53, 58 (3d Cir. 1986).

Personal jurisdiction may be secured over a non-
resident defendant through the exercise of either general
jurisdiction or specific jurisdiction.  In their Memorandum of
Law in Opposition to Defendant's Motion to Dismiss Plaintiff's
Complaint, Plaintiffs assert that Defendant is subject to general
jurisdiction in Pennsylvania.  (Doc. No. 17 at 3.)[3]  "General
jurisdiction is invoked when the plaintiff's cause of action
arises from the defendant's non-forum related activities," and is
established when "the plaintiff show[s] that the defendant has
maintained 'continuous and substantial forum affiliations.'"
*North Penn Gas Co.*, 897 F.2d at 690 n.2  (quoting *Reliance
Steel Prods. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587,

---

[3]Plaintiffs do not argue that Defendant is subject to
specific jurisdiction in Pennsylvania.  Therefore, the Court will
not address specific jurisdiction.

7

588 (3d Cir. 1982)).  Establishing general jurisdiction requires
a showing by Plaintiffs of significantly more than mere minimum
contacts.  *Provident National Bank*, 819 F.2d at 437.

"A tribunal of this Commonwealth may exercise personal
jurisdiction over a person . . . who acts directly or by an
agent, as to a cause of action or other matter arising from such
person:  (1) Transacting any business in this Commonwealth."
42 Pa.C.S.A. § 5322(a)(1) (West 2004).  In the instant case,
Plaintiffs allege that this Court may exercise general
jurisdiction over Bahamasair because it has flights to Pittsburgh
and Philadelphia, cities in Pennsylvania; because flight tickets
to and from Pittsburgh can be purchased from its website; and
because hotels and rental cars can be booked through its website.
In support of their allegations regarding Bahamasair' business
activities, Plaintiffs submitted copies of six pages from
Bahamasair's website.

A defendant's internet activities must be
purposefully directed to the forum, and those contacts that are
random, fortuitous, and attenuated will not support the exercise
of personal jurisdiction.  *Efford v. The Jockey Club,* 796 A.2d
370, (Pa. Super. Ct. 2002) (quoting *GMAC v. Keller,* 737 A.2d 279,
281 (Pa. Super. Ct. 1999)); *see also, Snyder v. Dolphin
Encounters, Ltd.,* 235 F.Supp.2d 433 (E.D. Pa. 2002) (citing
*Molnlycke Health Care AB v. Dumex Medical Surgical Prods., Ltd.,*

8

64 F.Supp.2d 448, 451 (E.D. Pa. 1999)) (the plaintiff must "make
a 'very high showing' before a court exercises general personal
jurisdiction over a non-resident defendant").  In *Zippo Mfg.
Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997),
the district court addressed the relationship of the operation of
an internet website to the determination of specific
jurisdiction.  The district court, in *Zippo*, stated:

> [T]he likelihood that personal jurisdiction
> can be constitutionally exercised is directly
> proportionate to the nature and quality of
> commercial activity that an entity conducts
> over the Internet.  This sliding scale is
> consistent with well developed personal
> jurisdiction principles.  At one end of the
> spectrum are situations where a defendant
> clearly does business over the Internet.  If
> the defendant enters into contracts with
> residents of a foreign jurisdiction that
> involve the knowing and repeated transmission
> of computer files over the Internet, personal
> jurisdiction is proper.  At the opposite end
> are situations where a defendant has simply
> posted information on an Internet Web site
> which is accessible to users in foreign
> jurisdictions.  A passive Web site that does
> little more than make information available
> to those who are interested in it is not
> grounds for the exercise [of] personal
> jurisdiction.  The middle ground is occupied
> by interactive Web sites where a user can
> exchange information with the host computer.
> In these cases, the exercise of jurisdiction
> is determined by examining the level of
> interactivity and commercial nature of the
> exchange of information that occurs on the
> Web site.

952 F. Supp. at 1124.  Although the district court in the *Zippo*
case addressed the issue of internet contacts in the context of

specific jurisdiction, the Superior Court of Pennsylvania has determined that the "sliding scale" analysis is equally applicable to an analysis of general personal jurisdiction. *Efford,* 796 A.2d at 374.  In *Efford*, the Superior Court concluded that the "sliding scale" analysis applied in *Zippo* comports with Pennsylvania's principles of personal jurisdiction and is consistent with Pennsylvania's "well-established concepts of general personal jurisdiction."  796 A.2d at 374.[4]  The court applied the sliding scale analysis to the facts in that case and found that an internet site that permitted a Pennsylvania user to register a horse on-line was insufficient to establish general jurisdiction under Pennsylvania's long-arm statute.  *Id.* at 375.  See also, *Mar-ECO, Inc., v. T&R and Sons Towing and Recovery, Inc.,* 837 A.2d 512 (Pa. Super. Ct. 2003) (quoting extensively from *Efford* and applying the "sliding scale" test to conclude that the website at issue in the case, where activity was commercial in nature and permitted extensive interaction with the

---

[4]The Court of Appeals for the Third Circuit addressed the issue of internet contacts in the context of specific jurisdiction, in *Toys "R" Us, Inc., v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003).  In that case, the court held that the operation of a commercially interactive website accessible in the forum state, without additional evidence that the defendant has purposefully availed itself of the privilege of engaging in activity in that state, is insufficient to support specific personal jurisdiction.  *Toys "R" Us, Inc.*, 318 F.3d at 451.  Of significance, in *Toys "R" Us, Inc.*, the court recognized the importance of the "sliding scale of commercial activity" analysis the district court used in *Zippo*.

host computer, including applying for employment, searching new
and used vehicle inventory, applying for financing to purchase a
vehicle, calculating payment schedules, ordering parts, and
scheduling service appointments, provided a basis for general
personal jurisdiction).

As discussed above, Plaintiffs have the burden of
demonstrating that Defendant is subject to general jurisdiction
through its continuous and systematic contacts with Pennsylvania.
Furthermore, they are required to establish sufficient contacts
between Bahamasair and Pennsylvania "with reasonable
particularity." *See Mellon Bank (East) PSFS, National Assoc. v.
Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992).  The evidence
submitted by Plaintiffs, copies of pages from Bahamasair's
website, does not satisfy the requirement that Plaintiffs show,
by "sworn affidavits or other competent evidence," that
jurisdiction in this District is proper.  Nor does the evidence
demonstrate that Bahamasair's contacts with Pennsylvania are
continuous and systematic.  Indeed, the copies do not demonstrate
with reasonable particularity that Bahamasair actually flies to
Pittsburgh and Philadelphia.  Rather, the web pages merely show
that Nassau, Pittsburgh, or Philadelphia may be selected as
either cities of origin or destination cities in the first step
of booking a flight on the Bahamasair website.  In addition, the
copies of web pages proffered by Plaintiff do not demonstrate

11

with reasonable particularity that tickets for Bahamasair flights

can actually be purchased from its website.  In *Molnlycke Health*

*Care AB v. Dumex Medical Surgical Prods., Ltd.,* 64 F.Supp.2d 448,

452 (E.D. Pa. 1999), the district court held that

> the establishment of a website through which
> customers can order products does not, on its
> own, suffice to establish general
> jurisdiction.  To hold that the possibility
> of ordering products from a website
> establishes general jurisdiction would
> effectively hold that any corporation with
> such a website is subject to general
> jurisdiction in every state.  The court is
> not willing to take such a step.

Also, the web pages related to hotel and car rental search

results, at most, show that an individual visiting Bahamasair's

website might be able to make reservations at Pennsylvania hotels

or reserve a rental car from Hertz at the Pittsburgh

International Airport.  Thus, these web page copies are not

affirmative evidence that Defendant does any business with

Pennsylvania.  Furthermore, Plaintiffs have proffered no evidence

that Bahamasair's internet contacts with Pennsylvania were

purposefully directed to that forum.[5]  Finally, review of

Plaintiffs' Complaint reveals that it does not contain any

allegations determinative of whether Bahamasair is subject to

general jurisdiction in Pennsylvania.  On the contrary, the

allegations more likely demonstrate that personal jurisdiction

---

[5]Plaintiffs have not requested a period of discovery on
the issue of personal jurisdiction.

may be obtained over Bahamasair in Florida.  Specifically, the Complaint alleges that Bahamasair is a Florida Corporation[6] and is a common carrier of passengers for hire.  (Compl. ¶¶ 3-4.) The Complaint further alleges that on March 6, 2003, at Miami, Florida, Plaintiffs boarded Bahamasair flight 202 to Nassau, after having made advance reservations and purchasing tickets. (*Id.* ¶¶ 6-7.)  Accordingly, Plaintiffs have failed to make a *prima facie* showing that Bahamasair's contacts with the forum, Pennsylvania, are "continuous and systematic" or that its contacts were purposefully directed to Pennsylvania.  Therefore, Plaintiffs' have not shown that Bahamasair is subject to the general jurisdiction of this Court.

  D. <u>Motion to Transfer Pursuant to 28 U.S.C. § 1406</u>

        As an alternative to its motion to dismiss, Defendant moves this Court to transfer this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).  Section 1406 provides:

>             The district court of a district in
>         which is filed a case laying venue in the
>         wrong division or district shall dismiss, or
>         if it be in the interest of justice, transfer
>         such case to any district or division in
>         which it could have been brought.

28 U.S.C.A. § 1406(a) (West 1993).  Whether this provision is applicable in the instant case is debatable because venue is

---

        [6]See n.2 *supra*.

proper pursuant to 28 U.S.C. § 1391(d), which states that "[a]n alien may be sued in any district."  The Court of Appeals for the Third Circuit has not decided whether section 1406(a) is applicable in cases where venue is proper.[7]  In *United States v. Berkowitz,* 328 F.2d 358, 359 (3d Cir. 1964), Plaintiff, the United States, filed a motion to transfer venue pursuant to 42 U.S.C. § 1404(a), which was denied by the district court on the ground that it did not have personal jurisdiction over the defendant and therefore it had no power to effect a transfer under section 1404(a).  The district court granted the defendant's motion to quash the return of process.  The United States subsequently filed a motion to transfer venue pursuant to 42 U.S.C. § 1406(a), which was also denied by the district court, this time on the ground that section 1406(a) applied only to cases in which venue was improper.  *Berkowitz*, 328 F.2d at 359-60.  The United States appealed the denial of its transfer motions and "filed a petition for a writ of mandamus to compel the district court to exercise its discretion to transfer this action."  *Id.* at 360.  Because the court of appeals determined that section 1404(a) clearly authorized the transfer of the action, it found it was unnecessary to reach the issue of whether

---

[7]It is noted that a transfer pursuant to 28 U.S.C. § 1404(a) may be appropriate, however, the parties have not made such a motion and the record lacks the relevant information that would allow for analysis under this section.

section 1406(a) would be applicable where venue was properly laid. *Id.* at 361. The court recognized, however, that "the finding of the district court that venue was properly laid in the Eastern District of Pennsylvania presents a serious obstacle to transfer under that section [1406(a)]." *Id.* Subsequently, in *Carteret Savings Bank, FA, v. Shushan*, 919 F.2d 225, 231 (3d Cir. 1990), the court of appeals acknowledged that other courts of appeals[8] have interpreted section 1406(a) broadly to allow for transfer under circumstances where venue is proper, but personal jurisdiction is lacking. It also noted that the district courts in the Third Circuit have reached inconsistent conclusions on this issue. *See id.* at 231 n.11. In *Carteret,* the United States District Court for the District of New Jersey had concluded that it had sufficient power to transfer the case to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1406(a) "whether venue is characterized as correct or incorrect under § 1391(a)." 919 F.2d at 227. The district court ordered the transfer over the objections of the plaintiff. *Id.* at 231. On appeal, the plaintiff sought a writ of mandamus to compel the district court to vacate the order transferring venue.

---

[8]*See Porter v. Groat,* 840 F.2d 255 (4th Cir. 1988); *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77 (2d Cir. 1978); *Taylor v. Love,* 415 F.2d 1118 (6th Cir. 1969), *cert. denied,* 397 U.S. 1023 (1970); *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967); and *Dubin v. United States,* 380 F.2d 813 (5th Cir. 1967).

*Id.* at 228.  In addressing the petition for writ of mandamus, the court of appeals identified the issues as follows:  "The first is whether the section [1406(a)] is applicable when venue is not mislaid and the second is whether the section may be invoked over the objection of a plaintiff who selected the 'wrong division or district.'"  *Id.* at 230-31.  The court of appeals held that "the district court could not transfer this case to the Eastern District of Louisiana pursuant to section 1406(a) over Carteret's objection."  *Id.* at 233.  Although explaining without resolving the first issue, the court of appeals stated:

> [T]he courts have repeatedly explained that the expansive reading of section 1406(a) allowing transfer when venue is proper is adopted as an equitable remedy to circumvent an obstacle to an expeditious and orderly adjudication on the merits.  In short, section 1406(a) is read broadly so that a plaintiff properly laying venue but unable to proceed in the transferor court because of jurisdictional problems does not lose its day in court by reason of the running of the statute of limitations in another forum.

*Id.* at 231-32 (internal citations omitted).  Based on the court's discussion in *Carteret*, the inference may be drawn that the court would join with the courts of appeals that have decided this issue and, to avoid an injustice, permit a transfer pursuant to section 1406(a) where venue is proper but personal jurisdiction is lacking.  In the instant case, the Warsaw Convention provides

16

for a two year statute of limitations on personal injury cases.[9] Plaintiffs' claims originate from an incident that took place on March 6, 2003 in Miami, Florida, when they were boarding a Bahamasair flight to Nassau, Bahamas.  (Compl. ¶¶ 6-7.)  They filed the instant action on March 4, 2005.  Therefore, like the circuit court cases referred to by the court of appeals in *Carteret*, because Plaintiffs' claims are subject to dismissal for lack of personal jurisdiction, an injustice may result as they would be barred by the statute of limitations from obtaining redress of their injuries.  As discussed *supra* at pages 3-5, under the Warsaw Convention, the courts of the United States have jurisdiction to hear Plaintiffs' claims.  Furthermore, Defendant would be subject to personal jurisdiction in Florida pursuant to section 48.193 of its statutes, which provides that "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" submits a corporation[10] to the jurisdiction of the Florida courts.  Finally, venue would be proper in the United States

---

[9]The statute of limitations of two years is found in Article 29 of the Warsaw  Convention, which provides that "[t]he right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." 49 U.S.C. § 40105.

[10]Section 1.01 of Florida's Consolidated Statutes defines a person to include a corporation.

District Court for the Southern District of Florida because venue is proper pursuant to 28 U.S.C. § 1391(d), which states that "[a]n alien may be sued in any district."  In support of its motion to transfer venue, Defendant asserts that "Bahamasair is a Foreign Corporation with its principal place of business in Nassau, Bahamas and registered to do business in the State of Florida." (Def.'s Mot. (Doc. No. 18) ¶ 2.)[11]  Defendant further asserts that "the actions giving rise to the accident occurred in Florida, which is the only State in which Bahamasair is

---

[11]As noted *supra* at 3 and 13, Plaintiffs allege in their Complaint that Bahamasair is a Florida Corporation. Moreover, in their response to the motion to dismiss they deny Bahamasair's allegation that it is a foreign corporation. Assuming Bahamasair is indeed a Florida Corporation, venue would still be improper in this District because pursuant to 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  As discussed *supra* at 5-13, this Court lacks personal jurisdiction over Bahamasair. Furthermore, even if Bahamasair is a Florida corporation, it would still be subject to personal jurisdiction in the United States District Court for the Southern District of Florida because that is where a substantial part of the events giving rise to Plaintiffs' claim occurred.

18

registered to do business" (*Id.* ¶ 3) and that "[a]ircraft
operated by Bahamasair do not call on any U.S. airports outside
the state of Florida (Id. ¶ 4).  Accordingly, it is recommended
that Defendant's alternative motion to transfer venue pursuant to
section 1406(a) be granted and that this case be transferred to
the United States District Court for the Southern District of
Florida.  However, like the plaintiff in *Carteret,* if Plaintiffs
wish to object to the recommendation that the case be
transferred, then Defendant's motion to transfer venue should be
denied and its motion to dismiss for lack of personal
jurisdiction pursuant to Rule 12(B)(2) should be granted.

III. <u>CONCLUSION</u>

        For the reasons discussed above, it is recommended that
Defendant's Motion to Dismiss Plaintiffs' Complaint be denied.
It is further recommended that Defendant's Alternative Motion to
Transfer Venue Pursuant to 28 U.S.C. § 1406 be granted, and that
this action be transferred to the United States District Court
for the Southern District of Florida.  If Plaintiffs object to a
transfer of venue, Defendant's motion to transfer should be
denied and its motion to Dismiss should be granted.

        In accordance with the Magistrates Act, 28 U.S.C.
§ 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for
Magistrates, the parties are allowed ten (10) days from the date
of service to file objections to this report and recommendation.

Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                                        _s/Ila Jeanne Sensenich_____
                                        Ila Jeanne Sensenich
                                        U.S. Magistrate Judge


Dated:  May 26, 2006

Notice sent electronically to:

The Honorable David S. Cercone
United States District Judge

Gary J. Matta, Esq.
Dodaro, Kennedy & Cambest
1001 Ardmore Boulevard, Suite 100
Pittsburgh, PA  15221

Jeffrey Cohen, Esq.
Meyer, Darragh, Buckler, Bebenek & Eck
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA  15219